UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

TIMOTHY S. MOHER,

    Plaintiff,

v.

Case No. 2:10-cv-57
HON. R. ALLAN EDGAR

UNITED STATES OF AMERICA,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

Plaintiff Timothy S. Moher filed this lawsuit against the United States of America. Plaintiff owns 440 acres on Sugar Island, located on the St. Mary's River which connects Lake Superior to Lake Huron. Canada is located on the opposite side of the St. Mary's River. The property is used to harvest timber. Plaintiff has developed roads on the property to gain access to the timber and has harvested timber for income since 2004. On September 28, 2009, plaintiff observed two Homeland Security officers take down a portion of his barbed wire fence to enter his property. When plaintiff questioned the officers and advised them that they were trespassing on private property, the officers refused to leave. When plaintiff attempted to take a photo of the officers with his cell phone, one of the officers drove his ATV at plaintiff. Plaintiff jumped and dropped his hands to the ATV, and the ATV contacted plaintiff. Plaintiff backed away and attempted to photograph the officers again. The officer again drove his ATV at plaintiff. Plaintiff retreated and the officers left on their vehicles. Defendant has filed a motion to dismiss. Plaintiff has filed a response and a motion to amend his complaint. Defendant opposes the motion to amend the complaint, arguing that the amended complaint would be futile and still subject to dismissal.

Leave to amend a complaint "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). However, "a party must act with due diligence if it intends to take advantage of the Rule's liberality." *United States v. Midwest Suspension and Brake*, 49 F.3d 1197, 1202 (6th Cir. 1995). The court may deny leave to amend a complaint where the amendment is brought in bad faith, will result in undue delay or prejudice to the opposing party, or is futile. *Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir. 1995), *cert. denied*, 116 S. Ct. 1354 (1996). Since, defendant has filed a motion to dismiss the complaint, whether plaintiff should be allowed to amend his complaint is dependent upon whether the complaint could state a claim for relief.

A motion to dismiss under Rule 12(b)(6) tests the sufficiency of the pleading, requiring the court to determine whether the plaintiff would be entitled to relief if everything alleged in the complaint is true. *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993). "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of its claim which would entitle [the plaintiff] to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). The court must construe the complaint in the light most favorable to plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). A judge may not dismiss the complaint simply because he disbelieves the complaint's factual allegations. *Conley*, 355 U.S. at 47.

Generally, a complaint need only give "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *In re Delorean Motor Co. v. Weitzman*, 991 F.2d 1236, 1240 (6th Cir. 1993) (*quoting Conley*, 355 U.S. at 47). The fundamental purpose of pleadings under the Federal Rules of Civil Procedure is to give adequate notice to the parties of each side's claims and to allow cases to be decided on the merits after an adequate development of the facts. *Mayer*, 355 U.S. at 638. While this standard is decidedly liberal, it requires more than the bare assertion of legal conclusions. *Delorean*, 991 F.2d at 1240. "In practice, a complaint must contain either direct or

inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Id.* (internal quote omitted).

Plaintiff alleges in his proposed Second Amended Complaint that jurisdiction is based upon the Declaratory Judgment Act, 28 U.S.C. § 2201, *et. seq.* and the Federal Tort Claims Act, 28 U.S.C. § 2671 *et. seq.* Plaintiff alleges that he erected gates and placed no trespassing signs at two access points to his 440 acre property used to harvest timber. Plaintiff alleges that he confronted two Homeland Security officers taking down his barbed wire fence so that they could gain access to his private property. Plaintiff requested that the officers leave his property, but the officers refused and one officer drove his ATV at plaintiff, contacting plaintiff with the vehicle, and then drove the ATV at plaintiff a second time. The officer allegedly drove his vehicle at plaintiff in an attempt to prevent plaintiff from photographing the officers.

Plaintiff complains that defendant violated the Federal Torts Claims Act by acting unreasonably in trespassing on his property and that "the assaults and battery [were] made in bad faith." Plaintiff alleges that the officers entered his property without permission by cutting his fence in violation of the Fourth Amendment. Plaintiff argues that his property is an outdoor agricultural operation as defined by 8 U.S.C. § 1357(e). Plaintiff asserts that defendant may not enter his property without his consent. Plaintiff requests $5,100 in damages and a declaratory judgment finding 28 U.S.C. § 1357(a)(3) unconstitutional as applied to plaintiff. Plaintiff requests a finding that defendant, absent exigent circumstances, must obtain consent before entering his property.

Defendant argues that the Federal Tort Claims Act discretionary function exception bars plaintiff's tort claims. 8 U.S.C. § 1357(a)(3). Defendant states that accessing plaintiff's property to search for illegal immigration activity is the type of discretionary function that the exception was designed to protect from tort liability. Defendant argues that 8 U.S.C. § 1357(a)(3)

grants them the power and authority to enter plaintiff's land as border patrol agents to search for illegal immigration activity.

> (a) Powers without warrant
>
> Any officer or employee of the Service authorized under regulations prescribed by the Attorney General shall have power without warrant –
>
> (3) Within a reasonable distance from any external boundary of the United States, to board and search for aliens any vessel within the territorial waters of the United States and any railway car, aircraft, conveyance, or vehicle, and within a distance of twenty-five miles from any such external boundary to have access to private lands, but not dwellings, for the purpose of patrolling the border to prevent the illegal entry of aliens into the United States.

Plaintiff argues that the exception at section (e) applies to his land:

> (e) Restriction on warrantless entry in case of outdoor agricultural operations
>
> Notwithstanding any other provision of this section other than paragraph (3) of subsection (a) of this section, an officer or employee of the Service may not enter without the consent of the owner (or agent thereof) or a properly executed warrant onto the premises of a farm or other outdoor agricultural operation for the purpose of interrogating a person believed to be an alien as to the person's rights to be or to remain in the United States.

As defendant points out, the discretionary function exception to tort liability was designed to shield the government from liability for actions involving the decision making process of a governmental employee. *United States v. S.A. Empressa De Viacao Aerea Rion Grandense, et al.,* 465 U.S. 797 (1984).

> When established governmental policy, as expressed or implied by statute, regulation, or agency guidelines, allows a Government agent to exercise discretion, it must be presumed that the agent's acts are grounded in policy when exercising that discretion. For a complaint to survive a motion to dismiss, it must allege facts which would support a finding that the challenged actions are not the kind of

> conduct that can be said to be grounded in the policy of the regulatory regime. The focus of the inquiry is not on the agent's subjective intent in exercising the discretion conferred by statute or regulation, but on the nature of the actions taken and on whether they are susceptible to policy analysis.

*United States v. Gaubert,* 499 U.S. 315, 324-325 (1990).

The amended complaint alleges that the Homeland Security officers destroyed property by cutting a fence and then one of the officers committed an assault and battery without any necessary reason to use force. In the opinion of the undersigned, the amended complaint states a claim upon which relief may be granted. The discretionary function exception to the Federal Claims Act may not apply to the facts of this case. As pleaded, it appears, at least arguably, that force was not necessary under the circumstances and the decision to use force against plaintiff was questionable when plaintiff was doing nothing more than photographing the officers who destroyed his property. Therefore, the force used may not have been the "minimum non-deadly force necessary to accomplish the officers' mission." 8 CFR § 287.8(a)(1)(iii).

Whether plaintiff's property qualifies as an "outdoor agricultural operation" is a question of fact that cannot be decided on a motion to dismiss. However, that section does not prohibit border patrol agents from entering property as suggested by plaintiff. That section prohibits entry onto agricultural operations "for the purpose of interrogating a person believed to be an alien." The facts as alleged do not indicate that the Homeland Security officers were attempting to interrogate anyone. Defendant's claim that the Michigan law enforcement privilege bars plaintiff's tort claim is not clear based upon the facts as alleged in the amended complaint citing *Odom v. Wayne County,* 482 Mich. 567 (2008). Defendant claims that while effectuating an arrest, an officer is given discretion which will bar a claim for assault and battery. In this case, the complaint does not allege that plaintiff was arrested. Furthermore, excessive force during an arrest is clearly a

violation of the law. A claim for assault and battery, an intentional tort, may only be protected by governmental immunity in the State of Michigan if: (1) the employee's challenged acts were undertaken during the course of employment and that the employee was acting, or reasonably believed he was acting, within the scope of his authority, (2) the acts were undertaken in good faith, and (3) the acts were discretionary, rather than ministerial, in nature. *Ross v. Consumers Power Co,* 420 Mich. 567 (1984). Plaintiff alleges that the officers assaulted him with an ATV. This raises an issue regarding whether the action of the officers was in good faith. This analysis requires a factual determination that is beyond the scope of the allegations within plaintiff's amended complaint.[1] Accordingly, it is recommended that defendant's motion to dismiss (Docket #6) be granted as to any claim related to the Homeland Security officers' entry onto plaintiff's property and denied as to plaintiff's claim that the officers used excessive force. It is further recommended that plaintiff's motion to amend his complaint (Docket #9) be granted.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within 14 days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).

      /s/ Timothy P. Greeley  
      TIMOTHY P. GREELEY  
      UNITED STATES MAGISTRATE JUDGE

Dated: October 22, 2010

---

[1] The undersigned does not condone plaintiff's behavior nor the behavior of the Homeland Security officers, *as alleged*. The officers were properly patrolling the area and, in my opinion, had the right to access plaintiff's property to perform their duties. Plaintiff reacted foolishly. There remains a question of fact as to whether the officers also reacted foolishly.